**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ENRIQUE LEMUS, JR.<br>Plaintiff,<br>v.<br>V. SANCHEZ, et al.,<br>Defendants. | Case No.: 1:21-cv-00442-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION |

Plaintiff Enrique Lemus, Jr. is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On May 27, 2021, the Court screened Plaintiff s first amended complaint, found that no cognizable claims were stated, and granted Plaintiff thirty days to amend the complaint. (ECF No. 14.) Plaintiff failed to file an amended complaint or otherwise respond to the Court's order. Therefore, on July 7, 2021, the Court issued an order to show cause why the action should not be dismissed. (ECF No. 15.) Although Plaintiff received two extensions of time to file a response to the order to show cause, Plaintiff has failed to file a response and the time to do so has now passed. Accordingly, dismissal of the action is warranted.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding *pro se* in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**II.**

**SUMMARY OF ALLEGATIONS**

The Court accepts Plaintiff's allegations in his complaint as true *only* for the purpose of the screening requirement under 28 U.S.C. § 1915.

On October 1, 2019, Plaintiff arrived at Sierra Conservation Center and walked to Yard A by Defendants V. Sanchez, Zamboni, Martinez, French, Lacey, Loyed, Filipak, and R. Vallejo, allowed Plaintiff's life to be put in danger and a blast grenade was used constituting excessive force.

On October 9, 2019, excessive force was used against Plaintiff when Defendant V. Sanchez deployed an blast grenade that went off on his left ear while he was in a prone position. A statement by V. Sanchez indicates that he did not hit his intended target.

Plaintiff's life was put in danger because he is a general population inmate, yet he was placed on Yard A which is a 50/50 yard. Plaintiff tried to go through the proper channels but was placed in the general population which put him in a bad situation.

///

**III.**

**DISCUSSION**

**A. Deliberate Indifference to Personal Safety**

"The Eighth Amendment imposes a duty on prison officials to protect inmates from violence at the hands of other inmates." Cortez v. Skol, 776 F.3d 1046, 1050 (9th Cir. 2015). The right to personal security is an "historic liberty interest" that is protected substantively by the Due Process Clause. Youngberg v. Romeo, 457 U.S. 307, 315 (1982). This right is not extinguished by lawful confinement, even for penal purposes. See generally Hutto v. Finney, 437 U.S. 678 (1978). Insufficient protection of a prisoner resulting in harm inflicted by other inmates may also violate a prisoner's due process rights. Hernandez v. Denton, 861 F.2d 1421, 1424 (9th Cir. 1988) (citing Youngberg, 457 U.S. at 315-16).

A prisoner may state a Section 1983 claim under the Eighth Amendment against prison officials where the officials acted with deliberate indifference to the threat of serious harm or injury to him. Labatad v. Corrections Corp. of America, 714 F.3d 1155, 1160 (9th Cir. 2013); see Berg v. Kincheloe, 794 F.2d 457, 459 (9th Cir. 1986) (stating same with respect to harm inflicted by another inmate). "Deliberate indifference" has both subjective and objective components. Labatad, 714 F.3d at 1160. First, a prison official must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists. Then, the official must also draw the inference. See id. at 1160 (citing Farmer v. Brennan, 511 U.S. 825, 837 (1994) (internal quotations omitted)). Liability may follow only if a prison official knows that inmates face a substantial risk of serious harm and the official disregards that risk by failing to take reasonable measures to abate it. Labatad, 714 F.3d at 1160.

Although Plaintiff contends that he is a general population inmate and should not have been placed on Yard A at Sierra Conservation Center, he fails to provide what measures should have been taken to protect Plaintiff or that any of the named Defendants knew that Plaintiff would be harmed if placed on Yard A. Plaintiff fails to allege that any Defendant knew of a specific risk to Plaintiff's safety. Plaintiff simply contends that was previously housed in general population and each Defendant allowed his life to be put in danger by placing in Yard A. However, these allegations do not give rise to a claim for failure to protect. Prison settings are "always potentially dangerous," and "mere

suspicion that an attack will occur" is insufficient to show that prison officials were deliberately indifferent to serious threats to the inmate's safety. Berg, 794 F.2d at 459–61.

Plaintiff does not allege that any of the named Defendants had any specific knowledge that inmates on Yard A posed a threat of harm to Plaintiff. Rather, he merely alleges that Defendants "should" have known of an alleged danger. However, there is no allegation that any named Defendant had specific knowledge of potential harm to Plaintiff's safety and disregarded such harm. Because Plaintiff has failed to allege deliberate indifference by the named Defendants, he has failed to state an Eighth Amendment claim for failure to protect. See Farmer, 511 U.S. at 834.

**B. Excessive Force**

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. Hudson v McMillian, 503 U.S. 1, 5 (1992) (citations omitted). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832–33 (1994) (quotations omitted).

For claims of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 7. Relevant factors for this consideration include "the extent of injury... [,] the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" Id. (quoting Whitley v. Albers, 475 U.S. 1078, 1085 (1986)). The objective component of an Eighth Amendment claim is contextual and responsive to contemporary standards of decency, Hudson, 503 U.S. at 8 (quotation marks and citation omitted), and although *de minimis* uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident, Wilkins, 559 U.S. at 37-8 (citing Hudson, 503 U.S. at 9-10) (quotation marks omitted); Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002).

Plaintiff alleges Defendant V. Sanchez used excessive force by deploying a blast grenade which was not proper procedure and placed his life in danger. However, Plaintiff has failed to provide sufficient factual details relating to whether the force was applied in a good-faith effort to maintain or restore discipline or not. Other than stating there was a mutual combat, Plaintiff has not alleged what occurred prior to Defendant Sanchez's actions or any facts to determine why Defendant Sanchez shot Plaintiff. Furthermore, Plaintiff submits that Defendant Sanchez did not hit his intended target. This fact suggests that Defendant Sanchez did not shoot Plaintiff to maliciously and sadistically cause harm.

To the extent Plaintiff alleges that violating prison regulations concerning use of force violates Plaintiff's Eighth Amendment rights, Plaintiff "is advised that a violation of a prison regulation or policy is not a per se constitutional violation." Brown v. Galvin, No. 2:16-CV-2629-JAM-DB (PC), 2017 WL 6611501, at *3 (E.D. Cal. Dec. 27, 2017); accord Hilson v. Arnett, 1:15-cv-01240-MJS (PC), 2017 WL 6209390, at *9 (E.D. Cal. Dec. 8, 2017) (same); Case v. Kitsap Cty. Sheriff's Dep't, 249 F.3d 921, 930 (9th Cir. 2001) ("There is no § 1983 liability for violating prison policy." (quoting Gardner v. Howard, 109 F.3d 427, 430 (8th Cir. 1997)). Accordingly, based on the facts presented in the complaint, the Court finds that Plaintiff has failed to state a cognizable excessive force claim.

**C. Retaliation**

"Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). To state a cognizable retaliation claim, Plaintiff must establish a nexus between the retaliatory act and the protected activity. Grenning v. Klemme, 34 F.Supp.3d 1144, 1153 (E.D. Wash. 2014).

///

Here, Plaintiff merely contends that the actions of Defendants constituted retaliation and cruel and unusual punishment. However, Plaintiff has alleged no facts to demonstrate that any Defendant retaliated against him for exercising a constitutional right. Accordingly, Plaintiff fails to state a cognizable retaliation claim.

**D. State Law Claims**

Plaintiff seeks to bring claims for negligence and assault and battery under state law.

Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c). The Supreme Court has cautioned that "if the federal claims are dismissed before trial, … the state claims should be dismissed as well." United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966).

Although the Court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. See 28 U.S.C. § 1367. As Plaintiff has failed to state any cognizable federal claims in this action, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law causes of action and will not review the state law claims. See 28 U.S.C. § 1367(c)(3).

**IV.**

**FAILURE TO OBEY COURT ORDER AND FAILURE TO PROSECUTE**

Here, the Court screened Plaintiff's complaint, and on May 27, 20210, an order issued providing Plaintiff with the legal standards that applied to his claims, advising him of the deficiencies that needed to be corrected, and granting him leave to file an amended complaint within thirty days. (ECF No. 14.) Plaintiff did not file an amended complaint or otherwise respond to the Court's May 27, 2021 order. Therefore, on July 7, 2021, the Court ordered Plaintiff to show cause within fourteen (14) days why the action should not be dismissed. (ECF No. 15.) Plaintiff failed to respond to the July 7, 2021 order.

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . .

within the inherent power of the Court." The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000).

A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

"In determining whether to dismiss an action for lack of prosecution, the district court is required to consider several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.' " Carey, 856 F.2d at 1440 (quoting Henderson, 779 F.2d at 1423). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

In this instance, the public's interest in expeditious resolution of the litigation and the Court's need to manage its docket weigh in favor of dismissal. In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d at 1226. Plaintiff was ordered to file an amended complaint within thirty days of May 27, 2021 and has not done so. Accordingly, the operative pleading is the January 20, 2021 complaint which has been found not to state a cognizable claim. Plaintiff's failure to comply with the order of the Court by filing an amended complaint hinders the Court's ability to move this action towards disposition. This action can proceed no further without Plaintiff's compliance with the order and his failure to comply indicates that Plaintiff does not intend to diligently litigate this action.

///

Since it appears that Plaintiff does not intend to litigate this action diligently there arises a rebuttable presumption of prejudice to the defendants in this action. In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994). The risk of prejudice to the defendants also weighs in favor of dismissal.

The public policy in favor of deciding cases on their merits is greatly outweighed by the factors in favor of dismissal. It is Plaintiff's responsibility to move this action forward. In order for this action to proceed, Plaintiff is required to file an amended complaint curing the deficiencies in the operative pleading. Despite being ordered to do so, Plaintiff did not file an amended complaint or respond to the order to show cause and this action cannot simply remain idle on the Court's docket, unprosecuted. In this instance, the fourth factor does not outweigh Plaintiff's failure to comply with the Court's orders.

Finally, a court's warning to a party that their failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 F.2d at 132-33; Henderson, 779 F.2d at 1424. The Court's May 27, 2021 order requiring Plaintiff to file an amended complaint expressly stated: "If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend to a district judge that this action be dismissed consistent with the reasons stated in this order." (ECF No. 14.) In addition, the Court issued an order to show cause why the action should not be dismissed. (ECF No. 15.) Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order.

## V.

## CONCLUSION AND RECOMMENDATION

The Court has screened Plaintiff's complaint and found that it fails to state a cognizable claim. Plaintiff has failed to comply with the Court's order to file an amended complaint or respond to the Court's order to show why the action should not be dismissed. In considering the factors to determine if this action should be dismissed, the Court finds that this action should be dismissed for Plaintiff's failure to state a cognizable claim, failure to obey the May 27, 2021 and July 7, 2021 orders, and failure to prosecute this action.

Accordingly, IT IS HEREBY RECOMMENDED that this action be DISMISSED for Plaintiff's failure to state a claim, failure to comply with a court order, and failure to prosecute.

This Findings and Recommendation is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within fourteen **(14) days** of service of this Recommendation, Plaintiff may file written objections to this findings and recommendation with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The district judge will review the magistrate judge's Findings and Recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **September 20, 2021**

UNITED STATES MAGISTRATE JUDGE